

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

CS/PL AGR
2023R00294

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

March 18, 2024

Alex Spiro
Joanna Menillo
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

     Re:   <u>Plea Agreement with Joshua Goltry</u>

Dear Ms. Menillo:

    This letter sets forth the plea agreement between your client, Joshua Goltry ("Goltry"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on April 5, 2024, if it is not accepted in writing by that date. If Goltry does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Goltry to an Information, which charges Goltry with securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-1. If Goltry enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Goltry for a scheme to defraud investors and lenders through JAG Cap, LLC (d/b/a JAG Capital) from in or around 2020 through in or around September 2023.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Goltry even if the applicable statute of limitations period for those charges expires after Goltry signs this agreement, and Goltry agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-1 to which Goltry agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Goltry is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Goltry ultimately will receive.

Further, in addition to imposing any other penalty on Goltry, the sentencing judge as part of the sentence:

(1)     will order Goltry to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Goltry to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Goltry, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982; and

(5)     pursuant to 18 U.S.C. § 3583, may require Goltry to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Goltry be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Goltry may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Goltry agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property that Goltry receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of Goltry's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Goltry agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Goltry obtained that are traceable to the offense charged in the Information. Goltry further acknowledges that the aggregate value of such property was no less than $3,000,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not less than $3,000,000 (the "Money Judgment"). Goltry consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Goltry prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102

Goltry further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Goltry waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Goltry understands that criminal forfeiture is part of the sentence that may be imposed in

- 3 -

this case and waives any failure by the court to advise Goltry of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Goltry waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Goltry further understands that Goltry has no right to demand that any forfeiture of Goltry's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Goltry in addition to forfeiture.

Goltry further agrees that, not later than the date Goltry enters a guilty plea, Goltry will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Goltry fails to do so, or if this Office determines that Goltry has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Goltry by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Goltry's activities and relevant conduct with respect to this case.

Stipulations

This Office and Goltry will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

- 4 -

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Goltry waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Goltry understands that, if Goltry is not a citizen of the United States, Goltry's guilty plea to the charged offense will likely result in Goltry being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Goltry understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Goltry wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Goltry's removal from the United States. Goltry understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Goltry waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Goltry also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Goltry. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

- 5 -

No provision of this agreement shall preclude Goltry from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Goltry and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

/s/ Carolyn Silane

By:    Carolyn Silane
       Assistant U.S. Attorney

APPROVED:

/s/ Joshua L. Haber

Joshua L. Haber
Chief, Economic Crimes Unit

- 6 -

I have received this letter from my attorneys, Alex Spiro, Esq. and Joanna Menillo, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Joshua Goltry*
_____          Date:    4/5/24
Joshua Goltry


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:   4/5/2024
Alex Spiro, Esq.
Joanna Menillo, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Joshua Goltry

Schedule A

1.    This Office and Goltry recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2023 applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because conviction of the charged offense carries a statutory maximum term of imprisonment of 20 years or more.

4.    Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(I) applies because the loss amount was more than $1,500,000 but not more than $3,500,000. The offense level is therefore increased by 16 levels.

5.    An adjustment under U.S.S.G. § 3B1.3 applies because the defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense.  The offense level is therefore increased by 2 levels.

6.    As of the date of this letter, Goltry has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Goltry's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Goltry has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Goltry's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Goltry enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Goltry's acceptance of responsibility has continued through the date of sentencing and Goltry therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Goltry's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    If Goltry establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines

offense level of 20; otherwise, Goltry's total Guidelines offense level will be 22 (the "Total Offense Level").

9.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

10.     If the term of imprisonment does not exceed 51 months, and except as specified in the next paragraph below, Goltry will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 33 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 9 -